Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| PREMIUM PROFESSIONAL HEALTH GROUP P.S.C. Y OTROS<br><br>Recurridos<br><br>v.<br><br>ALEX CARRASQUILLO VILLANUEVA Y OTROS<br><br>Peticionarios | TA2025CE00777 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2023CV02666<br><br>Sobre: Violación de Deberes Fiduciarios; Enriquecimiento Injusto; Apropiación Indebida de Secretos Comerciales; Incumplimiento de Contrato; Dolo; Daños |

Panel integrado por su presidente, el Juez Hernández Sánchez, la Jueza Romero García y la Jueza Martínez Cordero.

*Martínez Cordero, jueza ponente*

### RESOLUCIÓN

En San Juan, Puerto Rico, a 1 de diciembre de 2025.

Comparece Alex Carrasquillo Villanueva (en adelante, peticionario) mediante un recurso de *certiorari* para solicitarnos la revisión de un *Mandamiento,* expedido por la Secretaria del Tribunal de Primera Instancia, Sala Superior de San Juan, y notificado el 17 de octubre de 2025.[1]  El referido *Mandamiento,* se emitió con el fin de lograr el fiel cumplimiento de una *Orden,* emitida por la primera instancia judicial el 29 de septiembre de 2025 y notificada el 1 de octubre del mismo año.[2]

Por los fundamentos que expondremos, se *desestima* el recurso presentado por falta de jurisdicción.

---

[1] Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (SUMAC TPI), a la Entrada Núm. 96.

[2] *Íd.*, a la Entrada Núm. 95.

I

De entrada, conviene mencionar que esta es la *segunda* ocasión en la cual este Panel atiende un recurso relacionado a la controversia del título.[3] En mérito de lo anterior, nos ceñiremos a reseñar los trámites procesales pertinentes a la controversia ante nuestra consideración.

Dictada la Sentencia en el caso de marras y en reacción a una *Moción de ejecución de sentencia*, presentada por la parte aquí apelada, el 29 de septiembre de 2025, el tribunal de instancia emitió una *Orden*, la cual fue notificada el 1 de octubre del mismo año.[4] A través de la referida orden, el aludido foro ordenó, entre otras cosas, el embargo de bienes muebles para satisfacer un balance adeudado que se componía de $128,246.12 dólares por concepto de principal; $1,000.00 dólares por concepto de honorarios de abogado impuestos por temeridad; más $17,390.53 dólares en intereses legales acumulados al tipo de 9.50% anual, desde la fecha de la Sentencia, para un total de $146,636.65 dólares, sin incluir las costas y gastos que procedieran conforme a la Regla 44.3 de Procedimiento Civil.[5] De otra parte, el tribunal a *quo* ordenó a la Secretaria del Tribunal a expedir el correspondiente *Mandamiento* para dar trámite esta orden, así como todos aquellos mandamientos que fuesen necesarios para dar fiel cumplimiento a lo ordenado en la misma.

Así las cosas, y conforme fue mandatado en la *Orden* antes reseñada, el 17 de octubre de 2025, la Secretaría del Tribunal expidió el correspondiente *Mandamiento*,[6] que, sin el ánimo de

---

[3] En la *primera* ocasión, confirmamos una *Sentencia* emitida por el foro primario el 17 de abril de 2024, y notificada el día 19, del mismo mes y año en el alfanumérico KLAN202400623.

[4] SUMAC TPI, a la Entrada Núm. 95.

[5] 32 LPRA Ap. V, R. 44.3.

[6] SUMAC TPI, a la Entrada Núm. 96.

resultar reiterativos tuvo la finalidad de dar fiel cumplimiento a la mencionada *Orden* del 29 de septiembre de 2025.

Inconforme, 17 de noviembre de 2025, el peticionario acudió ante esta curia mediante el presente recurso, en el cual alzó la comisión de un solo señalamiento de error en el cual manifestó su inconformidad con el *Mandamiento* expedido, aduciendo abuso de discreción y fracaso de la justicia.

II

## A. El Recurso de *Certiorari*

Sabido es que el recurso de *certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior.[7] A diferencia del recurso de apelación, el auto de *certiorari* es de carácter discrecional.[8] La discreción ha sido definida como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera".[9] A esos efectos, se ha considerado que "la discreción se nutre de un juicio racional apoyado en la razonabilidad y en un sentido llano de justicia y no es función al antojo o voluntad de uno, sin tasa ni limitación alguna".[10]

Conforme dispone la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003 (Ley de la Judicatura), el Tribunal de Apelaciones tendrá competencia para conocer, mediante un auto de *certiorari* expedido a su discreción, de cualquier resolución u orden expedida por el Tribunal de Primera Instancia.[11]

Como corolario de lo anterior, el Reglamento del Tribunal de Apelaciones establece que el recurso de *certiorari* para revisar cualquier resolución u orden se formalizará mediante la

---

[7] *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023)*; 800 Ponce de León v. AIG,* 205 DPR 163, 174 (2020).
[8] *Rivera Figueroa v. Joes's European Shop*, 183 DPR 580, 596 (2011).
[9] *Mun. de Caguas v. JRO Construction, Inc.* 201 DPR 703, 712 (2019); *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 434-435 (2013).
[10] *SLG Zapata-Rivera v. J.F. Montalvo,* supra, 435.
[11] Artículo 4.006 de la Ley Núm. 201 de 22 de agosto de 2003, 4 LPRA sec. 24y.

presentación de una solicitud dentro de los treinta (30) días siguientes a la fecha del archivo en autos de la copia de la notificación del dictamen recurrido[12]. El referido reglamento deja claro que este término es de cumplimiento estricto.[13] De manera que, si el recurso es presentado fuera del término, sin que exista justa causa para ello, en virtud de la Regla 83 (B) (2), el Tribunal de Apelaciones tendrá facultad para desestimarlo.[14]

### B. La Falta de Jurisdicción por Presentación Tardía

La jurisdicción es el poder o la autoridad que posee un tribunal para resolver las controversias presentadas ante su consideración.[15] Los tribunales adquieren jurisdicción por virtud de ley, por lo que no pueden arrogársela, ni las partes pueden otorgársela.[16] Es norma reiterada en nuestro ordenamiento que "los tribunales deben ser celosos guardianes de su jurisdicción y que no tienen discreción para asumir jurisdicción allí donde no la tienen".[17] Igualmente, nuestro Tribunal Supremo ha sido constante en expresar que las cuestiones relativas a la jurisdicción constituyen materia privilegiada.[18] De manera que, deben ser resueltas con preferencia, pues, incide directamente sobre el poder que tiene un tribunal para adjudicar las controversias.[19] Por tal motivo, cuando un tribunal carece de jurisdicción, debe declararlo y desestimar la reclamación sin entrar en sus méritos.[20] De lo contrario, cualquier dictamen en los méritos será nulo y no podrá ejecutarse.[21] Es decir,

---

[12] Regla 32 (C) del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 47, 215 DPR __ (2025).

[13] *Íd.*

[14] *In re Aprob. Enmdas. Reglamento TA*, supra, a la pág. 109.

[15] *R&B Power, Inc. v. Junta de Subasta ASG*, 213 DPR 685, 698 (2024); *AAA v. UIA*, 199 DPR 638, 651-652 (2018).

[16] *Ríos Martínez, Com. Alt. PNP v. CLE*, 196 DPR 289, 296 (2016).

[17] *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 250 (2012); *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007).

[18] *R&B Power, Inc. v. Junta de Subasta ASG,* supra, a la pág. 698.

[19] *Torres Alvarado v. Madera Atiles,* 202 DPR 495, 500 (2019); *Fuentes Bonilla v. ELA et al.*, 200 DPR 364, 372 (2018).

[20] *In re Aprob. Enmdas. Reglamento TA*, supra, a las págs. 109-110; *R&B Power, Inc. v. Junta de Subasta ASG,* supra, a la pág. 698.

[21] *Bco. Santander v. Correa García*, 196 DPR 452, 470 (2016); *Maldonado v. Junta Planificación*, 171 DPR 46, 55 (2007).

una sentencia, dictada sin jurisdicción por un tribunal, es una sentencia nula en derecho y, por tanto, inexistente.[22]

Una de las instancias en que un tribunal carece de jurisdicción es cuando se presenta un recurso tardíamente. Un recurso de revisión tardío es aquel que se presenta fuera del término disponible para ello.[23] Consecuentemente, este recurso adolece del grave e insubsanable defecto de falta de jurisdicción.[24] De manera que, su presentación carece de eficacia y no produce ningún efecto jurídico, pues no hay autoridad judicial para acogerlo.[25] Por otra parte, huelga decir que desestimar un recurso por ser tardío priva fatalmente a la parte de presentarlo nuevamente, ante ese mismo foro, o ante cualquier otro.[26]

Específicamente, la Regla 83 del Reglamento del Tribunal de Apelaciones,[27] confiere facultad a este Tribunal para a iniciativa propia, o a petición de parte, desestimar un recurso o denegar un auto discrecional cuando este foro carece de jurisdicción.

III

Como cuestión de umbral, este Tribunal tiene la ineludible tarea de auscultar si cuenta o no con jurisdicción para entender en el recurso ante nos. Ello, dado a que, si un tribunal carece de jurisdicción, no puede hacer más que así declararlo y desestimar la reclamación sin entrar en sus méritos.[28] Luego de haber revisado el expediente ante nuestra consideración colegimos que no contamos con jurisdicción para atender este caso, tras haberse presentado de forma tardía. Veamos.

---

[22] *Montañez v. Policía de P.R.*, 150 DPR 917, 921-922 (2000).
[23] *Yumac Home v. Empresas Massó*, 194 DPR 96, 107 (2015).
[24] *Julia et al. v. Epifanio Vidal, S.E.,* 153 DPR 357, 366 (2001).
[25] *Íd.,* a la pág. 367.
[26] *Yumac Home v. Empresas Massó*, supra, a la pág. 107.
[27] *In re Aprob. Enmdas. Reglamento TA*, supra, a las págs. 109-110.
[28] *Íd.,* a las págs. 109-110; *R&B Power, Inc. v. Junta de Subasta ASG,* supra, a la pág. 698.

Conforme expusimos en nuestra previa exposición doctrinal, la Ley de la Judicatura concede facultad a esta Curia para únicamente conocer, mediante un auto de *certiorari*, de cualquier resolución u orden expedida por el foro primario.[29] Sin embargo, surge de los autos que el peticionario recurre de un *Mandamiento*, expedido por la Secretaría del Tribunal de Primera Instancia, el cual, según adelantamos, tenía como único fin hacer cumplir una *Orden* previamente emitida. De manera que, en vista de las limitadas facultades concedidas por la Ley de la Judicatura, no tenemos potestad para conocer del mismo mediante un auto de *certiorari*, por no ser propiamente una orden o resolución expedida por el tribunal *a quo*.

De otra parte, surge del recurso que la razón por la cual el peticionario acude ante esta Curia es por su inconformidad con la imposición de unos intereses, lo cuales su pago fue requerido a través de la *Orden* emitida el 29 de septiembre de 2025. En vista de lo anterior, y puesto a que la referida *Orden* se notificó el 1 de octubre de 2025, el peticionario contaba con treinta (30) días, desde esa fecha, para solicitarle a este foro apelativo que revisara lo allí mandado, y no lo hizo.[30] En otras palabras, tenía hasta el 31 de octubre de 2025. De modo que, el peticionario no puede utilizar el *Mandamiento* expedido y notificado el 17 de octubre de 2025, como subterfugio para que este tribunal revise una cuestión sobre la cual no tiene jurisdicción.

Conforme expusimos anteriormente, nuestro Reglamento es claro que cuando un recurso de *certiorari* es presentado fuera de termino, sin que exista justa causa para ello, este Tribunal tendrá facultad para desestimarlo. En mérito de lo anterior, disponemos desestimar este recurso por falta de jurisdicción por tardío.

---

[29] Artículo 4.006 de la Ley Núm. 201, *supra*.
[30] *In re Aprob. Enmdas. Reglamento TA*, supra, a la pág. 47.

## IV

Por los fundamentos que anteceden, se *desestima* el recurso interpuesto por falta de jurisdicción.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones